842 F.2d 1291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul B. OWENS, Plaintiff-Appellant,
v.
J.J. CLARK, Warden, Defendant-Appellee.
 No. 87-7365.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 28, 1988.
Decided March 7, 1988.
 
 Paul B. Owens, appellant pro se.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul Owens is a federal inmate incarcerated at the Federal Correctional Institution in Petersburg, Virginia, which is a Security Level 4 facility. Owens alleges that federal prison regulation 28 C.F.R. Sec. 540.14(c) violates his First and Fifth Amendment rights. The challenged regulation reads as follows:
 
 
 2
 (1) outgoing mail in Security Level 4, 5 and 6 and administrative institutions, except "special mail", may not be sealed by the inmate and may be inspected and read by staff.
 
 
 3
 The district court determined the action was frivolous and dismissed it pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 As an initial matter, we note that the district court erred in characterizing the action as being brought pursuant to 42 U.S.C. Sec. 1983. The defendants in this case are all federal employees and as such may not be sued under Sec. 1983. District of Columbia v. Carter, 409 U.S. 418 (1973). Owens' cause of action, therefore, stems not from Sec. 1983 but rather from Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 5
 In dismissing Owens' claim, the district court held that the challenged regulation satisfied the strict scrutiny test set out in Procunier v. Martinez, 416 U.S. 396 (1974) and, therefore, there was no arguable construction of his claim which would entitle him to relief. See Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979). However, the district court's reliance on Procunier to support its Sec. 1915(d) dismissal is not without problems. While several courts have found such regulations do satisfy Procunier, see, e.q., Gaines v. Lane, 790 F.2d 1299 (7th Cir.1986), several other courts have reached precisely the opposite conclusion. See, e.q., Wolfish v. Levi, 573 F.2d 118 (2d Cir.1978); Martino v. Carey, 563 F.Supp. 984 (D.Or.1983). Given these cases and the fact that this court has not addressed this specific issue, it is difficult to call this action frivolous on the basis of Procunier.
 
 
 6
 However, recently the Supreme Court has adopted a less stringent standard for evaluating prison regulations which have the effect of circumscribing inmates' constitutional rights. In Turner v. Safley, 55 U.S.L.W. 4719, 4722 (U.S. June 1, 1987) (No. 85-1384), the Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." In this case, it is clear that there is a reasonable relationship between the challenged regulation and the governmental interest in prison security. This regulation may, for instance, help impede the flow of contraband and the dissemination of escape plans at the higher security level prisons to which it applies. While this regulation may not necessarily be the least restrictive means available to achieve these goals, the court in Turner held that this was not required. Because Owens has not alleged that the challenged regulation was an "exaggerated response," Turner, supra, at 4723, to the prison officials' concerns, he has failed to state a claim under Bivens.
 
 
 7
 For the foregoing reasons, we affirm the judgment of the district court dismissing the complaint. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 8
 AFFIRMED.